```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON

RON FOSTER, FOSTER FARMS, LLC,
and MARLETING & PLANNING SPECIALISTS
LIMITED PARTNERSHIP,
          Plaintiffs,

v.                                Civil Action No. 2:14-16744

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and GINA
MCCARTHY, in her official capacity as
Administrator,

          Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' objection to the magistrate judge's September 26, 2016 order, filed September 30, 2016.

On August 22, 2016, the court granted plaintiffs' motion to amend their complaint to include a First Amendment retaliation claim.  See ECF Doc. No. 148.  That same date, the court entered a second order, among other things, finding good cause to reopen discovery in relation to the First Amendment claim until October 28, 2016.  See ECF Doc. No. 149.  The court reopened discovery with respect to the First Amendment claim so that plaintiffs could, among other things, determine the source of the Political Research Document found by plaintiffs during the course of discovery.  See id.  Indeed, the Political

Research Document is the very essence of the First Amendment claim allowed by the court.

On September 26, 2016, Magistrate Judge Dwane Tinsley entered an order denying plaintiffs' motion for limited reopening of discovery due to plaintiffs' lack of diligence in seeking the origin of the Political Research Document and denying plaintiffs' motion for production of documents claimed privileged as untimely. <u>See</u> Magistrate Judge's Sept. 26, 2016 Order (ECF Doc. No. 154). Plaintiffs' objections followed on September 30, 2016. Defendants responded to the objections on October 17, 2016 and plaintiffs filed a reply on October 27, 2016.

According to the magistrate judge, because plaintiffs did not diligently pursue their claim during discovery, they have not met the good cause standard to reopen discovery. Magistrate Judge's Sept. 26, 2016 Order at 11-13. The magistrate judge's determination that good cause does not exist to reopen discovery is based upon his findings that: (1) plaintiffs did not diligently pursue the source of the Political Research Document while discovery was open; and (2) although discovery closed on September 18, 2015, plaintiffs waited until February 10, 2016 to move to reopen discovery without giving any reason for the delay. <u>Id.</u> at 5-11.

When the court granted the plaintiffs' motion to amend the complaint to add a First Amendment retaliation claim, it did so based upon the existence of the Political Research Document. That same day, the court found that good cause existed and granted plaintiffs' motion to reopen discovery with regard to the First Amendment retaliation claim, in part so that plaintiffs could determine why and how the Political Research Document came to be in the EPA's possession, which plaintiffs had thus far failed to determine despite its efforts to do so.

Plaintiffs diligently pursued the source of the Political Research Document after they learned of its existence. Plaintiffs discovered that document in June 2015, when it was produced by defendants during discovery. After plaintiffs became aware of the Political Research Document, they submitted three sets of discovery requests, deposed six of defendants' representatives and issued a set of interrogatories, but were still unable to discover its origin.

Moreover, plaintiffs had good reason to wait until February 2016 to move to reopen discovery. Plaintiffs moved to depose Regional Administrator Shawn M. Garvin ("Garvin") on September 14, 2015, which was necessary under the federal rules given that the limit of ten individuals had already been deposed.  <u>See</u> Fed. R. Civ. P. 30(a)(2)(A)(i).  Although the

3

magistrate judge stated in his order that the motion for leave to depose Garvin did not focus on the Political Research Document, the contents of plaintiffs' motion show otherwise. See Magistrate Judge's Sept. 26, 2016 Order at 11-12. Plaintiffs' motion states that in part, the "purpose of the deposition will be to find out what information Mr. Garvin knows regarding certain politically motivated research conducted on [plaintiffs]." Pl. Mot. for Leave to Depose Regional Administrator Garvin at 1.  The hearing on the motion was not held by the magistrate judge until January 12, 2016, and on January 15, 2016, the magistrate judge denied plaintiffs' motion to depose Garvin, but permitted plaintiffs to send interrogatories to him.  See ECF Doc. No. 130.  Plaintiffs did not receive answers to Garvin's interrogatories until February 5, 2016.  Despite asking Garvin generally about political research on individuals at EPA Region III, the interrogatories did not provide any information on the origin of the Political Research Document.  Plaintiffs then filed the motion to reopen discovery five days later, on February 10, 2016.

Inasmuch as the deposition of Garvin was to focus in part on the origin of the Political Research Document, it was reasonable for plaintiffs to wait until they received the answers to Garvin's interrogatories to move to reopen discovery

4

because his answers may have alleviated the need to do so. Furthermore, in the court's order granting the reopening of discovery, the court stated that it considered defendants' argument that the amendment to the complaint was untimely, but still found the amendment permissible and additionally found good cause to reopen discovery based on the new claim.  See ECF Doc. 149 at 3.  Accordingly, the magistrate judge's determination that good cause did not exist to reopen discovery to permit plaintiffs further time to determine the origin of the Political Research Document was clearly erroneous and not in keeping with the orders of the district court entered on August 22, 2016.

In view of the fact that plaintiffs have conducted extensive discovery and are still unable to determine the origin of the Political Research Document, and that the court previously found that good cause existed for plaintiffs to reopen discovery with respect to its First Amendment claim, the court recommits this case to the magistrate judge to determine whether the forensic discovery requested by plaintiffs is an appropriate means to ascertain the origin of the Political Research Document.

The magistrate judge also found that plaintiffs' motion for production of documents claimed privileged was

5

untimely because plaintiffs sought to compel the disclosure of documents provided to them on August 18, 2015, and that under Local Rule 37.1(c), any motion to compel these documents was due by September 18, 2015.  Magistrate Judge's Sept. 26, 2016 Order at 13-14.  Local Rule 37.1(c) provides that "Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order."  Plaintiffs' motion was not filed within this time and was filed over a month after the expiration of the then discovery deadline.  Id.

The magistrate judge states in his order that the privilege log was provided to the parties on August 18, 2015.  Id. at 13.  However, as plaintiffs note in their objection, defendants supplemented their document production and the privilege log on February 18, 2016, after plaintiffs' February 10, 2016 motion was filed.  Defendants had not completely disclosed existence of all of the documents claimed privileged even when plaintiffs' filed their motion.

In addition, after the motion was filed, the court, as noted, allowed plaintiffs to amend their complaint to add a First Amendment retaliation claim, reopened discovery relating

6

to that claim, and entered an amended schedule for the case. See ECF Doc. No. 148, 149. In light of the court's order reopening discovery, defendants are not unduly prejudiced by plaintiffs seeking the production of the documents claimed privileged within the extended period for discovery.

Accordingly, the court finds that plaintiffs' motion to compel production of documents claimed privileged is not untimely. See Mills v. E. Gulf Coal Preparations, Co., LLC, 259 F.R.D. 118, 134 (S.D. W. Va. 2009) (VanDervort, Mag. J.) (granting the plaintiff's motion to compel although it was not timely filed under Local Rule 37.1(c) because the opposing party did not cooperate in discovery, the discovery deadline had since been extended, and the defendants were not prejudiced by the plaintiff's delay in filing the motion, and additionally noting that "the Court's primary objective is to consider the parties' claims and defenses on their merits and . . . the Court is generally disinclined to dismiss matters on the basis of failures to comply with non-jurisdictional time limits."); see also Mordesovitch v. Westfield Ins. Co., 235 F. Supp. 2d 512, 517-18 (S.D. W. Va. 2002) (Stanley, Mag. J.) (finding that "it is more efficient to decide the pending motions on the merits rather than on a technical failure to comply with the thirty-day deadline."). This matter is recommitted to the magistrate judge

to address the substance of plaintiffs' motion for production of documents claimed privileged.

For the reasons set forth above, the court ORDERS as follows:

1. That plaintiffs' objections to the magistrate judge's order be, and they hereby are, sustained;

2. That the magistrate judge's order, dated September 26, 2016, be, and it hereby is, vacated;

3. That discovery in this case be, and it hereby is, reopened with respect to plaintiffs' First Amendment retaliation claim, as set forth in an amended scheduling order entered this same date; and

4. That this matter is recommitted to the magistrate judge as heretofore and, specifically, to hear and determine:

   (a) the merits of plaintiffs' request for the use of forensic discovery to ascertain the origin of the Political Research Document and, if found appropriate, the extent to which forensic discovery is to be ordered; and

   (b) the substance of plaintiffs' request for production respecting documents claimed privileged.

8

The court notes that the new accompanying scheduling order is necessitated by the recent diversionary litigation that has culminated in the magistrate judge's order of September 26, 2016, and this order by the court. That new schedule provides a further limited period for additional discovery and is fixed with the expectation that the recommitted matters will receive expedited consideration. This case has been pending for two and a half years, a significant portion of which is due to the court's delay in passing on plaintiffs' motion to amend the complaint, filed October 5, 2015, and fully briefed by November 2, 2015, which plaintiffs supplemented with a notice regarding new controlling authority to which defendants responded in June 2016, following which the court entered its decision to allow the amendment of the complaint in its order of August 22, 2016. Compliance with the amended scheduling order entered this date will require the diligent assistance of the court and counsel.

The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.

DATED: November 3, 2016

John T. Copenhaver, Jr.
United States District Judge